[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO DISCHARGE MECHANIC'S LIEN
The plaintiff homeowner moves to discharge a mechanic's lien placed on his real property by the defendant. The homeowner purchased wall-to-wall carpeting from the defendant, a corporation that sells floor coverings and arranges for installation of the floor coverings in people's homes. The defendant sold the carpeting for a price reflected on the "bill of sale" as $3650, which included removal of old carpeting and installation of the new. The homeowner delivered a deposit of $1200 to the defendant on the date of sale.
When a representative of the defendant arrived to remove the old carpeting, a dispute arose with the homeowner. The homeowner claimed that furniture was being damaged by the installer. Also it turned out that the removal of the old carpet and the installation of the new carpet was not going to be accomplished in one day as the homeowner had anticipated. When the carpet was finally installed on another day, the homeowner refused to pay the remaining price. The defendant in this action instituted a small claims action for the balance, and the homeowner counterclaimed for damage to his furniture. The defendant placed a mechanic's lien on the plaintiff's home which the homeowner has demanded be released, a dispute over which the small claims commissioner has no jurisdiction. So this application to discharge the lien is now before this court.
The writing that is evidence of the transaction of the parties contains the price of the goods and services, the name and address of the defendant and the authorized signature of the defendant's representative. Significantly, it does not contain the signature of the plaintiff nor does it contain notice of the plaintiff's right to cancel the transaction in accordance with CT Page 14631 Chapter 740, the Home Solicitation Sales Act, Conn. Gen. Stat. §42-134 et seq. As such, the writing does not comply with the provisions of the Home Improvement Act, Conn. Gen. Stat. §20-429, and is not enforceable.
The defendant concedes its status as a home improvement contractor under the Act. Further the defendant concedes that the contract does not comply with the requirements of the statute. The defendant claims that the court should nonetheless find the contract to be enforceable and find that the defendant is entitled to seek remedies for breach of contract through the mechanic's lien statute. Conn. Gen. Stat. § 49-33 et seq. The rubric under which the defendant seeks enforcement is the bad faith exception, first suggested in Barrett Builders v. Miller,215 Conn. 316, 328 (1990). As evidence of plaintiff's bad faith, the defendant points out 1) that the homeowner is a lawyer, and 2) that he allowed the completion of the installation to occur before he repudiated the contract.
The court finds that a genuine dispute arose between the homeowner and the contractor's representative about the timing and manner of the carpet installation. The defendant has failed to prove that the plaintiff had any fraud or bad faith in mind when the initial transaction took place. Moreover, he has failed to prove that the dispute over the installation of the carpeting was pretextual, a ruse behind which the homeowner hid knowing he could avoid payment for the remainder of the service. In affirming summary judgment for a homeowner in a similar situation, the Supreme Court has stated:
 There is nothing dishonest or sinister about homeowners proceeding on the assumption that there is a valid contract, enforcing its provisions, and later, in defense to a suit by the contractor, upon learning that the contract is invalid, then exercising their right to repudiate it.
Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 249 (1992).
In the absence of proof of bad faith, the defendant is not entitled to enforce the contract and therefore is not entitled to maintain a mechanic's lien. There is no probable cause to sustain the validity of the lien. Conn. Gen. Stat. § 49-35b(b)(2)(A).
The lien is declared invalid, and the application to discharge the lien is granted. CT Page 14632
The plaintiff homeowner requests this court to exercise its discretion to award statutory damages of $100 per week, pursuant to Conn. Gen. Stat. § 49-51(a), for the refusal of the defendant to release the lien after having received plaintiff's written demand that it do so. In light of the fact that the plaintiff incurred no attorney fees or actual monetary loss as a result of the defendant's refusal, the court awards no damages, but plaintiff may recover costs.
Judgment shall enter for the plaintiff.
Patty Jenkins Pittman Judge of the Superior Court